## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| MICHAEL COPPOCK<br>1050 Westview Ave.<br>Hamilton, OH 45013 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| LOWE'S HOME CENTERS, LLC<br>10235 Colerain Avenue<br>Cincinnati, Ohio 45251 | )<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>LOWE'S HOME CENTERS, LLC<br>c/o Corp. Service Co. (Stat. Agent)<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff Michael Coppock, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

### PARTIES

1. Coppock is a resident of the city of Hamilton, Butler County, state of Ohio.

2. Defendant LOWE'S HOME CENTERS, LLC ("Lowe's") is a foreign-incorporated company that conducts business within Ohio. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred at Lowe's' location at 10235 Colerain Avenue, Cincinnati, Ohio 45251.

3. At all times referenced herein, Lowe's was Coppock's employer within the meaning of Ohio R.C. §4112.01(A)(2) and Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e.

## JURISDICTION & VENUE

4. All of the material events alleged in this Complaint occurred in Hamilton County, Ohio.

5. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. §2307.382(A)(1) and/or (4).

6. Venue is proper pursuant to Civ. R. 3(C)(3) and/or (6).

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

8. Within 300 days of the conduct alleged below, Coppock filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC", Charge No. 473-2022-01897) against Defendant ("EEOC Charge").

9. On or about September 9, 2022 the EEOC issued and mailed a Dismissal and Notice of Rights letter to Coppock regarding the EEOC Charge.

10. Coppock received the Dismissal and Notice of Rights from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

11. Coppock has filed this Complaint on or before the 90-day deadline set forth in the Dismissal and Notice of Rights.

12. Coppock has properly exhausted all administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

13. Coppock is a former employee of Lowe's.

14. Coppock, as a man/male, is in a protected class for his gender/sex.

15. Coppock worked for Lowe's as an Assistant Store Manager ("ASM") from December 2020, until Lowe's unlawfully terminated Coppock's employment on June 24, 2022.

16. Lowe's hired Coppock as an ASM in December 2020.
17. Part of Coppock's job duties is to conduct inspections and report safety violations. Coppock conducted these inspections and issued reports for violations every day he was on the job.
18. Around April 2022, Coppock went into the backroom in receiving during one of his routine safety inspections.
19. While inspecting, Coppock saw several pallets on the top shelves with unsecured product on the pallets.
    a. This created a safety risk because of the possibility of the products falling off the pallet when the pallet is moved.
    b. This violated both Lowe's safety policies, and OSHA regulations, which require all products to be stored so as to not create a safety risk to people near them.
20. As with previous safety violations, Coppock documented the safety violations and submitted his report, both verbally and in writing.
21. Two weeks later, Nikki Xeloures, the HR manager, and the store manager, Eric Poeisz, pulled Coppock aside and questioned him about the pallet issue.
22. Xeloures and Poeisz asked Coppock if he was targeting the backroom manager for negative safety reports, which he denied.
23. A few days later, Poeisz gave Coppock a final warning for reporting the pallet safety issue. This reprimand was explicitly in response to Coppock reporting what he reasonably felt was a danger to himself and others.
24. Coppock was the closing manager on June 20, 2022. The following morning, a door was found unlocked.

25. There was an overnight manager at the store after Coppock left the previous shift.

26. For the entire year and a half Coppock worked at Lowe's, it has been the responsibility of the overnight manager to secure all doors at the end of their shifts.

27. However, Coppock was disciplined instead of the overnight manager, and because Coppock was on his last warning due to the retaliatory final warning for reporting the safety violations, Jeremy Neely, the new store manager, terminated Coppock's employment.

28. Lowe's thus retaliated against Coppock for his workplace safety complaints.

29. In addition to the retaliation against Coppock for his whistleblowing and workplace safety complaints, he also faced retaliation from his complaints of sexual harassment.

30. In or around February/March 2022, Coppock dealt with two sexual harassment situations in the workplace: one against him and one against a colleague. All relevant acts were performed by the same actor: Chris Hill (assistant store manager).

31. In the first situation, Hill found another assistant store manager, Benjamin Butshca, on Grindr, a dating app aimed at non-heterosexual people (particularly gay men).

32. After the two saw each other on the app, Butscha, not wanting to engage in romantic activities with coworkers, blocked Hill on Grindr.

33. After, Hill approached Butchsa attempting to get romantically involved anyway. Hill rebuffed Hill and thought the situation was done.

34. However, Hill continued to verbally sexually harass Butscha after to the point where Butscha felt he had to report it to Coppock, his superior.

35. Coppock, following policy, escalated the protected complaint to his store manager (Poeisz), who did nothing. This was a protected action by Coppock.

36. Coppock then escalated farther to Xeloures, who also did nothing. Coppock stayed in contact with Butscha about the investigation that was to take place, but it never did.

37. In the second situation, Coppock was using the urinal in the restroom when Hill came out of a stall.

38. Hill wolf-whistled at Coppock, who returned a confused and upset look. Hill laughed, washed his hands, and left the restroom.

39. Hill had made other comments about Coppock's appearance too, ranging from innocuous compliments on new clothes to the more-serious whistling.

40. After three or four separate comments and instances, Coppock had enough and reported the sexual harassment to Poeisz, who again did nothing. This was another protected action by Coppock.

41. Both situations with Hill only resolved after Hill voluntarily resigned his role for a new job at a new business.

42. Xeloures even commented to Coppock after Hill left that she had "intended" to investigate the harassment, but didn't bother since Hill ended up resigning in May 2022 anyway.

43. This was several weeks after the reports, but still no investigation took place.

44. Upon information and belief, Lowe's investigates sexual harassment claims made by females/women.

45. Regarding Coppock and Butscha, however, Lowe's refused to investigate the reported sexual harassment.

46. This was discrimination against Coppock and Butscha based on their sex/gender as males/men.

47. Upon information and belief, Coppock was replaced by someone outside of his protected class.

48. Coppock's termination was an adverse employment action by Defendant.

49. Coppock was discriminated against and sexually harassed due to his sex/gender, and due to his opposition to colleagues' sexual advances against him and others.

50. Coppock was retaliated against for making complaints of discrimination and sexual harassment in the workplace.

51. Coppock was actually terminated due to his sex/gender, for refusing sexual advances, and/or in retaliation for making complaints of discrimination and sexual harassment in the workplace.

52. There was a causal connection between Coppock's protected classes (gender/sex) and complaints and Defendant's adverse actions taken against Coppock.

53. Defendant's purported reason for Coppock's termination is pretext for gender/sex discrimination, and/or retaliation for making complaints of discrimination and sexual harassment in the workplace.

54. As a result of being treated disparately and being sexually harassed during his employment with Lowe's, and being terminated from Lowe's, Coppock has had and continues to accrue damages based thereupon.

## COUNT I: SEXUAL HARASSMENT

55. Coppock restates each and every paragraph of this Complaint as though it were fully restated herein.

56. Coppock was subjected to unwelcomed sexual harassment in the form of sexual comments, inappropriate sexual gestures, and sexual advances from his colleague.

57. Defendant created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcomed sexual comments, inappropriate sexual gestures, and sexual advances against him and others.

58. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Defendant, Coppock reported the sexual harassment to Lowe's.

59. Defendant's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. §4112.02(A) and Title VII.

60. Hill's sexual harassment of Coppock and Butscha occurred while Hill was acting in the course and scope of his employment at Lowe's.

61. Lowe's had knowledge of this harassment and failed to take any corrective or remedial action.

62. As a direct and proximate result of Defendant's conduct, Coppock has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages

## COUNT II: HOSTILE WORK ENVIRONMENT ON THE BASIS OF SEX/GENDER DISCRIMINATION AND SEXUAL HARASSMENT

63. Coppock restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. During his employment with Lowe's, Coppock was subjected to offensive and harassing conduct by Boggs based on his sex/gender, as well as sexual harassment from Boggs.

65. Defendant knew or should have known of the harassing conduct against Coppock by Boggs.

66. Defendant condoned, tolerated and ratified this harassing conduct.

67. This harassing conduct was severe and/or pervasive.

7

68. This harassing conduct was offensive to Coppock.

69. This harassing conduct interfered with Coppock's ability to perform his job duties.

70. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for Coppock.

71. Defendant's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Coppock.

72. As a direct and proximate result of Defendant's conduct, Coppock suffered and will continue to suffer damages.

## COUNT III: GENDER/SEX DISCRIMINATION IN VIOLATION OF R.C. 4112 et seq.

73. Coppock restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

74. Coppock is a member of a statutorily protected class based on his gender/sex under R.C. § 4112 et seq.

75. Defendant is that unique employer that discriminates against the majority.

76. Defendant treated Coppock differently than other similarly situated employees based on his gender/sex by, among other things, refusing to investigate his complaints of sexual harassment against him and others.

77. Defendant discriminated against Coppock on the basis of his gender/sex throughout his employment with the company.

78. Defendant's discrimination against Coppock based on his gender/sex violates R.C. § 4112 et seq.

79. As a direct and proximate result of Defendant's conduct, Coppock suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III: GENDER/SEX DISCRIMINATION IN VIOLATION OF TITLE VII

80. Coppock restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

81. Coppock is a member of a statutorily protected class based on his gender/sex under Title VII.

82. Defendant is that unique employer that discriminates against the majority.

83. Defendant treated Coppock differently than other similarly situated employees based on his gender/sex by, among other things, refusing to investigate his complaints of sexual harassment against him and others.

84. Defendant discriminated against Coppock on the basis of his gender/sex throughout his employment with the company.

85. Defendant's discrimination against Coppock based on his gender/sex violates Title VII.

86. As a direct and proximate result of Defendant's conduct, Coppock suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT VI: RETALIATION

87. Coppock restates each and every prior paragraph of this complaint, as if it were fully restated herein.

E-FILED 12/05/2022 10:29 AM / CONFIRMATION 1259722 / A 2204414 / COMMON PLEAS DIVISION / IFOJ

88. As a result of the Defendant's discriminatory conduct described above, Coppock complained of the discrimination, sexual harassment, and disparate treatment he was experiencing.

89. Subsequent to Coppock's complaints to Lowe's, Defendant took adverse employment actions against Coppock, including, but not limited to, terminating his employment.

90. Defendant's actions were retaliatory in nature based on Coppock's opposition to the unlawful discriminatory conduct and sexual harassment.

91. Pursuant to R.C. § 4112 and Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

92. As a direct and proximate result of Defendant's retaliatory discrimination against and discharge of Coppock, he has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT IV: VIOLATION OF OHIO WHISTLEBLOWER STATUTE R.C. § 4113.52**

93. Coppock restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Coppock reported to Defendant safety concerns and potential OSHA violations.

95. In the alternative, Coppock reasonably believed that assault constituted a criminal act that threatens the public's health or safety.

96. Coppock verbally complained to Defendant and the police regarding this conduct.

97. Coppock complained to Defendant and the police in writing regarding this conduct.

98. Coppock gave Defendant an opportunity to cure the reported misconduct.

99. Defendant retaliated against Coppock by terminating his employment based on his complaints regarding this conduct.

100. Defendant's termination of Coppock was in violation of R.C. § 4113.52.

101. As a direct and proximate result of Defendant's conduct, Coppock suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

102. Coppock restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. A clear public policy exists and is manifested in R.C. § 4101.11 stating that "[e]very employer shall furnish employment which is safe for the employees engaged therein," and "[n]o employer shall require, permit, or suffer any employee to go or be in any employment or place of employment which is not safe…"

104. The Ohio Supreme Court recognized that Ohio allows an individual to seek a public policy claim if he is terminated in retaliation for reporting to his employer that he is forced to work in an unsafe work environment. *Greeley v. Miami Valley Maintenance Contrs., Inc.*, (1990), 49 Ohio St.3d 228. *See also Pytlinski v. Brocar Products, Inc.*, 94 Ohio St.3d 77 (Ohio 2011); *Jenkins v. Cent. Transp., Inc.*, No. 09CV525, 2010 WL 420027 (N.D. Ohio Jan. 29, 2010).

105. A clear public policy exists and is manifested in Ohio statutes, and/or administrative regulations, or in the common law, against terminating an employee based on his complaints of dangerous, unsafe, or illegal activity.

106. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, or in the common law, against terminating and/or retaliating against an employee because he/she engages in protected activity under Ohio law.

107. In the scope of his employment, Coppock reported dangers to himself and others.

108. Defendant explicitly reprimanded Coppock for several of his complaints regarding workplace safety.

109. Defendant's termination of Coppock jeopardizes these public policies.

110. Defendant's termination of Coppock was motivated by conduct related to these public policies.

111. Defendant had no overriding business justification for terminating Coppock.

112. Alternatively, Defendant's cited reason for Coppock's termination was pretext.

113. As a direct and proximate result of Defendant's conduct, Coppock has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Coppock demands from Defendant the following:

a) Issue a permanent injunction:

    i. Requiring Lowe's to abolish discrimination, harassment, and retaliation;

    ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

    iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal

    responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) An award against Defendant for compensatory and monetary damages to compensate Coppock for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

c) An award of punitive damages against Defendant in an amount in excess of $25,000;

d) An award of reasonable attorneys' fees and non-taxable costs for Coppock's claims as allowable under law;

e) An award of the taxable costs of this action; and

f) An award of such other relief as this Court may deem necessary and proper.

13

Respectfully submitted,

/s/ Evan McFarland
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
    Trial Attorney
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:   (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com

Attorneys for Plaintiff Michael Coppock

## JURY DEMAND

Plaintiff Michael Coppock demands a trial by jury by the maximum number of jurors permitted.

/s/ Evan R. McFarland
Evan R. McFarland (0096953)

14